<hr/>

### In re MOULTON.

Court of Appeals of District of Columbia.

Submitted January 10, 1928. Decided March 5, 1928.

No. 2002.

Patents ⊂⇒66(1)—Application for patent to eliminate glare of vehicle headlights and diffuse rays horizontally held properly rejected as anticipated.

Application for patent relating to light projectors for vehicle headlights, to provide for reflection of rays of light through projector to eliminate glare and diffuse rays horizontally, *held* properly rejected as anticipated.

Appeal from the Commissioner of Patents.

In the matter of the application of Forest Ray Moulton for a patent for an invention relating to light projectors for vehicle headlights. From a decision of the Commissioner, rejecting the application, applicant appeals. Affirmed.

J. T. Basseches, of New York City, for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. This appeal is from a decision of the Commissioner of Patents, denying appellant's application for a patent for an invention relating to light projectors for vehicle headlights. The application is set forth in 17 claims, of which the following are illustrative:

"1. The method of treating light from a source which includes the step of reflecting all the rays from the source in the form of a beam diverging substantially in one plane only."

"4. A light projector comprising, in combination, a cup-shaped reflector, a mirror and a source of light disposed there between including an incandescent filament arranged symmetrically transversely of the axis of the reflector."

"9. A light projector comprising, in combination, an elliptic paraboloidal reflector having three axes, a mirror having the form of a sector of a sphere, and a source of light arranged adjacent to one of the foci of said reflector, including an incandescent filament arranged transversely of the major axis of the reflector and adjacent to the vertex of a cone formed by lines tangent to perimeters of said reflector and mirror."

The object of the invention is to provide for the reflection of rays of light through a projector in such a manner as to eliminate the glare and diffuse the rays horizontally, for the better illumination of the roadway. The accomplishment of this object is clearly described in the opinion of the Commissioner as follows:

"In order to accomplish this there is provided a primary reflector, which is in the form of an elliptic paraboloid; that is to say, a cross-section of the reflector is substantially an ellipse, the major axis of which is in a horizontal plane. The purpose of having the width of the opening of the reflector greater than its height is in order that the light may be diffused in a horizontal, but not in a vertical plane. There is further provided a secondary reflector, placed in front of the source of light, of such size and so arranged that the light falling thereon will be reflected to the primary reflector, and reflected outwardly from the latter."

In the opinions of the tribunals below, certain references to existing patents are cited, which, it is held, anticipate fully appellant's application; and while, as suggested by the Commissioner, the references cited do not show the projector as described in the application, they do reveal the principles involved in the reflection of light to avoid the glare and improper diffusion. As said by the Commissioner in respect of the references relied upon:

"Both Kleinert and the British patent to Evans show a secondary reflector arranged directly in front of the source of light, whereby all the light is reflected. In the Kleinert device the primary reflector is the usual paraboloidal reflector, and in the Evans patent the primary reflector is made with the portion directly opposite the secondary reflector spherical and the outer part of the reflector a paraboloid of revolution."

We have considered the record and the references cited, as well as the able opinions of the three tribunals of the Patent Office, and are of opinion that the rejection of the application should be sustained.

The decision of the Commissioner of Patents is affirmed.